UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

David G. White, et. al.
    Plaintiffs

vs                                  Case No. 1:09-cv-142-HJW-TSH
                                      (Weber, Sr. J.; Hogan, M. J.)

NVR, Inc. d/b/a Ryan Homes, et. al.
    Defendants

## REPORT AND RECOMMENDATION

This matter is before the Court on pro se Plaintiffs' motion for partial dismissal (Doc. 5), defendant NVR, Inc.'s motion to dismiss (Doc. 6), plaintiffs' memorandum in opposition (Doc. 7) and defendant's reply. (Dc. 8). For the reasons set forth more fully below, the motions will be granted.

### Background

Plaintiffs David and Zadie White initiated this action on January 27, 2009, with the filing of a complaint in The Hamilton County, Ohio, Court of Common Pleas, alleging claims for breach of contract, fraud, unjust enrichment, negligence, intentional infliction of emotional distress, and breach of covenant. Plaintiffs allege that they entered into a contract with defendant NRV, Inc., d/b/a Ryan Homes (Ryan Homes) for the purchase of land and construction of a home in the Blue Meadow Farm subdivision based, in part, on oral promises made by employees of Ryan Homes that no home would be built on the adjacent lot. Plaintiffs further allege that when construction commenced on the adjacent lot, employees of Ryan Homes then promised plaintiffs that any home built on that lot would face away from plaintiff's property. Plaintiffs further allege that they paid an additional $9350.00 "home site

premium" for the lot they purchased, based on oral assurances from Ryan Homes that there would not be a home built on the adjacent lot. Plaintiffs seek compensatory and punitive damages.

Plaintiffs move the Court to dismiss defendant Blue Meadow Farm Community Association, Inc. The motion is unopposed and therefore should be granted.

Defendant Ryan Homes moves the Court to dismiss all plaintiffs' claims against it pursuant to Fed. R. Civ. P. 12(b)(6). Defendant contends that plaintiffs cannot establish a breach of contract claim because the contract itself clearly states that it does not include any oral representations which were not reduced to writing in the terms of the contract, and because the contract by its terms disclaims any obligation to plaintiffs concerning development of the subdivision or use of the land surrounding plaintiffs' lot. Defendant further contends that because the parties entered a written agreement, plaintiffs cannot state claims for unjust enrichment or for any tort claim based on the same facts giving rise to their contract claim. Defendant also contends that plaintiffs cannot maintain a fraud or misrepresentation claim concerning sale of real property where the plat plan was a matter of public record and therefore could have been discovered by them prior to entering into the contract. Defendant argues that plaintiff cannot state a claim for intentional infliction of emotional distress because there is no allegation that defendant intended to cause or knew or should have known its actions would cause plaintiffs to suffer extreme emotional distress. Defendant also argues that plaintiffs have not alleged extreme emotional distress or conduct which could be considered outrageous and therefore the claim must fail. Finally, defendant contends that plaintiffs' claims are barred by the Statute of Frauds.

## Legal Standard

When ruling on a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint liberally, in a light most favorable to the non-moving party. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir.1998). Also, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551U.S. 93-94(2007)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S.544,555 (2007) (citations omitted)). *See also, NicSand, Inc. v. 3M Co.*, 507 F.3d 442 (6th Cir.2007) (en banc) (viewing a complaint "through the prism of Rule 12(b)(6) [requires] us to accept all of its allegations and all reasonable inferences from them as true") (citing *Mich.*

2

*Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 533 (6th Cir.2002)).

When reviewing a Rule 12(b)(6) motion to dismiss, the Court must "determine whether the plaintiff can prove a set of facts in support of [her] claims that would entitle [her] to relief." *Daubenmire v. City of Columbus*, 507 F.3d 383, 387-88 (6th Cir.2007) (quoting *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir.2001)). Although pro se complaints are held to less stringent standards as compared with formal pleadings drafted by attorneys, the Court is not required to fabricate allegations which are not plead. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). A complaint will not be dismissed when plaintiff fails to plead facts in support of "every arcane element of his claim," but when a complaint "omits facts that, if they existed, would clearly dominate the case," it is fair to assume that those facts do not exist. *McGregor v. Industrial Excess Landfill, Inc.*, 856 F.2d 39, 43 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied sub nom. O'Brien v. Jordan*, 431 U.S. 914 (1977)).More than bare assertions of legal conclusions are required to satisfy federal notice pleading requirements. *Sogevalor S.A. v. Penn Central Corp.*, 771 F. Supp. 890, 893 (S.D. Ohio 1991)(Rubin, J.). In order to preclude dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations which comprise all of the essential, material elements necessary to sustain a claim for relief under some viable legal theory. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 406 (6th Cir.1998).

## Analysis

Breach of Contract

To prove breach of contract, plaintiffs must show the following elements: (1) the existence of a contract, (2) performance by plaintiffs, (3) breach by the defendant, and (4) damage or loss to plaintiffs. *Doner v. Snapp* 649 N.E.2d 42, 44 (Ohio Ct. App. 1994); *Nilavar v. Osborn*, 711 N.E.2d 726, 732 (Ohio Ct. App. 1998). The parties do not dispute that they entered into a contract. Rather, plaintiffs argue that defendant breached the contract by selling an adjacent lot and building a home on the property, in contravention of certain oral promises defendant's employees allegedly made to plaintiffs prior to execution of the contract. These allegations are insufficient to support a breach of contract action for two reasons. First, the allegations are contradicted by the clear terms of the unambiguous contract language. Second, the

claim is precluded by the Statute of Frauds.

By its terms, the contract between the parties makes clear that Ryan Homes did not make any representations with respect to the use of any land adjacent to plaintiff's lot, nor the type or location of any home built on any adjacent lot. (See Doc. 6, Ex. A, Contract, ¶¶ 1, 9). The contract specifically states,

> Seller makes no representation with respect to the home type, size, style, price range or location of other homes to be built in this subdivision or in other subdivisions in the vicinity of the Property. Purchaser acknowledges that all site plans, generalized development plans, plats or renderings which may have been exhibited showing or indicating home types, the siting of homes on lots, grading or landscaping are projections only and are not binding upon Seller, and no representative of Seller is authorized to make any representation with regard to these items. . . .

(Id., ¶ 1(c)). The contract further states,

> Adjacent Land Uses. Seller makes no representations as to the proposed or approved uses for land adjacent to the Property or the subdivision which contains the Property. . . . Seller is under no obligation to provide Purchaser with copies of the preliminary or final site plans, the record plat, blueprints, general plan maps or other planning documents which may affect the planning and development of the surrounding area. Copies of such documents can be obtained at the appropriate county or city planning office. Seller warrants that the property is in compliance with the applicable zoning regulations. Purchaser acknowledges that Seller has made no representation other than those contained in this Agreement as to current or proposed zoning of any land, and that no agent of Seller is authorized to do so.

(Id., ¶ 9).

To the extent that plaintiffs argue the alleged oral representations concerning the adjacent lot were incorporated into the contract, these allegations are likewise contradicted by the contract's plain language. (Id. at ¶¶ 18, 27). The contract

4

contains an integration clause which excludes from the agreement any oral promises or representations which were not reduced to writing, and expressly incorporated into the contract. (Id. at ¶ 27). In addition, plaintiffs were given an opportunity to incorporate any such oral promises into the written document and declined to do so. Paragraph 18 of the contract states as follows:

> Oral Statements and Promises. THIS SECTION SHOULD NOT BE LEFT BLANK IF YOU ARE RELYING ON ANY ORAL STATEMENTS OR PROMISES. The following oral statements or promises have been made by the Seller, the Seller's agent, or the Purchaser. Performance of each of these statements or promises is incorporated into each party's obligation to fully perform the terms of this Agreement."

"None" was typed on the lines provided, and plaintiffs acknowledged review of this section of the contract by initialing the page. (Id., p. 7).

In Ohio, the Statute of Frauds states that no action shall be brought for the sale of land unless the agreement for such sale is in writing and signed by the party to be charged. Ohio Rev. Code § 1335.05. *See Vargo v. Clark*, 716 N.E.2 243-44 (Ohio Ct. App. 1998); *Gurich v. Janson*, 2000 WL 1733354, *6 (Ohio Ct. App. Nov. 17, 2000). The Statute of Frauds provides greater assurance that the parties and the public can reliably know when a transaction occurs, because it has been reduced to a writing and is signed. *N. Coast Cookies, Inc. v. Sweet Temptations, Inc.*, 476 N.E.2d 388, 395-96 (Ohio Ct. App. 1984). The Statute of Frauds may not be overcome by a fraudulent inducement claim which alleges that the inducement to sign the writing was a promise, the terms of which are directly contradicted by the signed writing. Accordingly, an oral agreement cannot be enforced in preference to a signed writing which pertains to exactly the same subject matter, yet has different terms. *Marion Production Credit Ass'n v. Cochran*, 533 N.E.2d 325, 333-334 (Ohio 1988). Plaintiffs in this case do not take issue with the sale and purchase of their lot or the construction of the home defendant contracted to build for them. Rather, plaintiff claim the breach is caused by the later sale of an adjacent lot and the placement or orientation of the house constructed on that lot. The alleged promise not to develop the lot adjacent to plaintiffs' lot is directly contradicted by the terms of the contract as set forth above. For these reasons, plaintiffs' breach of contract claim should be dismissed.

Unjust Enrichment

Plaintiffs' unjust enrichment claim must be dismissed because under Ohio law this equitable remedy is not applicable where the parties' relationship is governed by an express contract. *See Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984); *Aultman Hosp. Ass'n v. Community Mutual Ins. Co.*, 544 N.E.2d 920, 924 (Ohio 1989); *Loop v. Hall*, 2006 WL 2441941, *5 (Ohio Ct. App. Aug. 8, 2006).

Tort Claims

Plaintiffs also allege claims for fraudulent misrepresentation, negligence, and intentional infliction of emotional distress. For the reasons set forth more fully below, these claims should likewise be dismissed.

An action for fraudulent misrepresentation requires proof of: (1) a representation (or concealment where there is a duty to disclose); (2) which is material to the transaction; (3) made falsely, with knowledge of or reckless disregard as to its falsity; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation or concealment; and (6) resulting injury proximately caused by the reliance. *Burr v. Stark Cty. Bd. of Commrs.*, 491 N.E.2d 1101, paragraph two of the syllabus, (Ohio 1986)(citing with approval *Cohen v. Lamko,* 462 N.E.2d 407 (Ohio 1984)); *Brewer v. Brothers*, 611 N.E.2d 492 (Ohio 1992); *Rose v. Zaring Homes, Inc.,* 702 N.E.2d 952, 955 (Ohio Ct. App. 1997).

Because reliance on the representation must be justifiable, *caveat emptor* may apply in some circumstances. *Layman v. Binns*, 519 N.E.2d 642, syllabus (Ohio 1988). With respect to the sale of land, there is no right to rely on oral representations regarding the property transferred where the true facts are equally open to both parties. *Traverse v. Long*, 135 N.E.2d 256 (Ohio 1956); *Van Horn v. Peoples Banking Co.*, 582 N.E.2d 1099 (Ohio 1990). When adversities regarding title to property are of record and therefore easily discoverable, the purchaser of the property is not entitled to rely upon the alleged misrepresentations of the seller or the seller's agent. *Rose,* 702 N.E.2d at 956 (quoting *Noth v. Wynn,* 571 N.E.2d 446, 449 (Ohio Ct. App. 1988)(internal quotations omitted)). In the present case, the publically recorded plat filed with the Hamilton County, Ohio Recorder's Office indicated that the adjacent lot was proposed for development and was not reserved as green space. (*See* Doc. 6, Ex. 2, Certified Plat Plan). Plaintiffs cannot rely on the alleged

misrepresentations to support their misrepresentation claim.

Moreover, in Ohio, a breach of contract does not create a tort claim. *Wolfe v. Continental Cas. Co.*, 647 F.2d 705, 710 (6th Cir. 1981). Generally, "the existence of a contract action * * * excludes the opportunity to present the same case as a tort claim." *Id.* A tort claim based upon the same actions as those upon which a claim of contract breach is based will exist independently of the contract action only if the breaching party also breaches a duty owed separately from that created by the contract, that is, a duty owed even if no contract existed. *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 684 N.E.2d 1261, 1270 (Ohio Ct. App. 1996)(citing *Battista v. Lebanon Trotting Assn.*, 538 F.2d 111, 117 (6th Cir. 1976)(internal quotations omitted)). Accordingly, plaintiffs' negligence claim should likewise be dismissed.

In order to recover for intentional infliction of emotional distress, a plaintiff must prove that: (1) the actor either intended to cause emotional distress or knew or should have known that the actions taken would result in serious emotional distress; (2) the actor's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered utterly intolerable in a civilized community; (3) the actor's actions were the proximate cause of the victim's psychic injury; and (4) the mental anguish suffered by the victim is serious and of a nature that no reasonable person could be expected to endure it. *Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen, and Helpers of America*, 453 N.E.2d 666, 671 (Ohio 1983); *Condon v. Body, Vickers, & Daniels*, 649 N.E.2d 1259, 1265 (Ohio Ct. App. 1994).

"[S]erious embarrassment and humiliation, as well as psychological and physical problems do not, as a matter of law, state a viable claim for intentional infliction of emotional distress." *Crawford v. ITT Consumer Financial Corp.*, 653 F. Supp. 1184, 1188 (S.D. Ohio 1986). *See also Polk v. Yellow Freight System*, 801 F.2d 190 (6th Cir. 1986); *Neal v. Hamilton County*, 622 N.E.2d 1130 (Ohio Ct. App. 1993);*Paugh v. Hanks,* 451 N.E.2d 759 (Ohio 1983). In the present case, plaintiffs have not alleged any facts to support the claim that defendant's actions surpassed the thresholds of extreme and outrageous conduct, nor that they suffered severe mental anguish as a result. Accordingly, plaintiffs' claim for intentional infliction of emotional distress should likewise be dismissed. *See Miller v. Currie*, 50 F.3d 373, 377-78 (6th Cir. 1995).

For all these reasons, IT SI HEREBY RECOMMENDED THAT: Defendant's motion to dismiss be GRANTED and this action be terminated on the docket of this Court.

_____
Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

---

David G. White, et. al.
    Plaintiffs

vs                                              Case No. 1:09-cv-142-HJW-TSH
                                                    (Weber, Sr. J.; Hogan, M. J.)

NVR, Inc. d/b/a Ryan Homes, et. al.
    Defendants

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

    Pursuant to Fed. R. Civ. P. 72(b), within fourteen (14) days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).